No. 6509.

AMOS FINCH ET AL. *v*. THE STATE.

1. **PARTIES—MISJOINDER**—Conceding it to be improper to join the sureties upon two different bonds made by a tax collector, still when suit was brought upon the first bond by amendment, the sureties upon the second bond were made parties; the defendants sued upon the first bond being also upon the second bond with others, the others not having been served with citation; judgment being upon the first bond, *held* that such joinder was harmless and no cause of reversal.

2. NEW BOND BY TAX COLLECTOR.—Upon the death of one of the sureties upon the bond of a tax collector the county commissioners ordered the execution of a new bond. A new bond was made, and approved by the county court, and was transmitted to the Comptroller, and was by him rejected. The county court made no order removing the collector and he continued in his office. *Held*, the sureties on the first bond were not discharged by the proceedings looking to a new bond. (Approving The State v. Wells, 61 Texas, 562.)

3. SAME.—A like rule exists when a new bond is ordered by the county commissioners upon their own motion as when upon application of a surety to be relieved.

4. SUIT AGAINST HEIR.—Suit against heirs of one of the sureties—assets and no administration alleged, defendant only demurs, *held* not error to render judgment against the heirs, to be satisfied out of assets subject to execution.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

The statement of the case in brief for appellant is adopted. Amos Finch was elected tax collector of Wise county on the fourth day of November, 1884. On the seventeenth of November he executed his official bond with J. W. Hale, T. D. Woody, A. Devereux, John L. Lovejoy and W. W. Brady as sureties. Said bond was approved by the commissioners court, recorded and forwarded to be approved by the Comptroller and filed in his office.

On the nineteenth of June, 1885, J. W. Hale, one of the sureties, died. At the December term thereafter of the commissioners court of Wise county, on their own motion, because of the death of J. W. Hale, one of the sureties upon Finch's bond, they made an order requiring Finch to execute a new bond in a like sum with the original bond. At the same term of the commissioners court Finch presented the new bond with the following named persons, to wit: P. O. Saunders, A. B. Mullins, C. C. Leonard, T. J. Jerrall, John L. Lovejoy, Jr., T. D. Woody, J. J. Terrell, J. C. Poindexter, Charles D. Cates, W. W. Brady, A. Devereux, J. R. Couch and C. B. Pickett as sureties. Said new bond was approved by the commissioners court, ordered to be recorded and recorded by the clerk of the court. This bond was forwarded to the Comptroller; was not approved by him, but never returned to the commissioners court. Finch continued in the exercise of the functions of tax collector until his successor was elected in

November, 1886.    He was found to be a defaulter to.the State and absconded and has not been heard from.

Suit was instituted against Finch and his sureties upon the original bond, and Mary E. Hale, Rowena T. Cates and her husband, Charles D. Cates, Mary E. Hale and Rowena T. Cates, alleged to be the widow and daughter of J. W. Hale, deceased.    Service was had upon the sureties and Mary E. Hale and Cates and wife.

The defendants answered, setting up the death of Hale, the order of the commissioners court requiring a new bond of Finch on account of the death of Hale; the execution of the new bond, its approval by the court and its record, and attaching a certified copy of the new bond, and alleging that no breach of the conditions of the first bond had been committed by Finch, and liability of defendants on the original bond had been substituted and discharged by the execution, acceptance and approval by the commissioners court of the new bond at the December term, 1885; and further, that no breach of the bond on which J. W. Hale was surety having occurred prior to his death, or prior to the substitution of the new bond, no liability attached to his estate; and further, that Mary E. Hale and Rowena T. Cates, not having received any portion of said estate, it being insolvent; they were not liable for anything.

Thereupon the counsel for the State, in term time, filed the first amended original petition, declaring upon both the original and substituted bonds, making all the sureties on the bond parties to the suit.

Defendants excepted to the amended petition; first, because it set up a new cause of action; second, because it joins two distinct causes of action; third, because all the parties were not before the court, and no process had been issued to bring them in; and asked that the cause be continued and that their co-sureties on the new bond be cited and brought into court, and their liability for the default of their principal be adjudged upon the new bond.    The cause was dismissed as to Finch, his insolvency being alleged, and on motion of the district attorney, over the objection of the appellants, was dismissed as to the sureties on the new bond not cited.    To this ruling of the court the appellants excepted and the case proceeded to trial with the defendants originally sued on the first bond.

Trial by the court without a jury, and filing his findings of fact and conclusions of law, the court rendered judgment for the State against the appellants, for the amount claimed to be due the State, limiting the liability of Mary E. Hale and Cates and wife to such assets, or their value, of the estate of J. W. Hale, as they had received subject to execution.

To this judgment defendants excepted and gave notice of appeal.

*Hancock, Shelley & Hancock,* for appellants: The defendants excepted to plaintiff's amended petition, because the same set up and sought a recovery upon a new independent, distinct and separate cause of action from the cause of action declared on in the original petition.

The defendants had been cited and were in court to answer a cause of action based upon the contract expressed in the bond executed by them as sureties of Amos Finch on the seventeenth day of November, 1884, and could not properly or legally be required to answer to a cause of action based upon a different contract, declared on by amendment in term time.

Defendants excepted to plaintiff's amended petition filed in term time because the same joined two distinct, separate and independent causes of action and sought a recovery upon both, in this suit against these defendants.

The court overruled this exception, and this ruling is error.

The parties to the two contracts expressed in the different bonds are not identical, and the liability of each upon both bonds were not the same, and a right of action upon both did not exist in the State in this suit.

2. The defendants excepted to the joinder of the two causes of action in this suit because all the parties to the new cause of action were not before the court, and no process had been sued out, or other steps taken to make them parties.

If the parties before the court were subject to a recovery against them upon the new cause of action arising out of the new bond, then they were entitled to have their co-sureties before the court, so as to share the liability with them for any breach of the contract which might be made to appear; that their right to contribution as between them and their co-sureties, would be adjudicated and determined in this action. (See arts. 3664, 3665, Rev. Stats.)

3. The court erred in rendering judgment against Mary E.

Hale, Rowena T. Cates and C. D. Cates, as heirs of J. W. Hale, deceased, the proof failing to show that any assets or effects of said estate had come to their hands or into their possession.

Mary E. Hale, the widow, and Rowena T. Cates, the daughter, of James W. Hale, deceased, were not liable as the heirs, unless assets of Hale's estate subject to the payment of his debts were in their possession, or had come to their hands, and then only liable to the amount of such assets shown to have been received by them.

It was shown by the testimony of C. D. Cates, that all the property left by J. W. Hale was incumbered—that his estate was insolvent—that Hale's estate was incumbered to the full extent of its value. (The State v. Lewellen et als., 25 Texas, 797; Webster v. Willis, 56 Texas, 468; Yancy v. Batte, 48 Texas, 58,59; Ansley v. Baker, 14 Texas, 613.)

4. The commissioners court, having by an order made, required the tax collector to make a new bond, because of the death of his surety, J. W. Hale, the provision and purpose of article 3434, and article 3435, were met, and the functions of tax collector were then and there suspended until the new bond required had been executed and approved. It being shown that no breach of the bond, on which Hale was surety, prior to exection and approval by the commissioners court, of the new bond, the estate of Hale was not liable to judgment on account of subsequent breach.

The new bond required having been given and approved, as required by the commissioners court, the sureties were discharged as to their liability upon the old bond, for any subsequent default by Finch, and it was error to render judgment on the old bond against defendants; it being shown that all taxes collected by Finch, before the making of the new bond, had been paid to the State. (Arts. 3433, 3434, 3435, Rev. Stats.)

*J. S. Hogg,* Attorney General, and *James H. Robertson,* District Attorney, for appellee, cited Revised Statutes, article 1256; Love v. Keowne, 58 Texas, 191; Cordray v. The State, 55 Texas, 140; Revised Statutes, 1257; The State v. Wells, 61 Texas, 563.

SLAYTON, CHIEF JUSTICE. This action was brought against Amos Finch and four sureties on a bond executed by him as tax collector for Wise county, in November, 1884.

It was also brought against the widow and only child of a deceased surety.

The deceased surety died on June 18, 1885, and at the December term of the commissioners court, on account of the death of this surety, Finch was required to execute a new bond.

He executed a new bond, having, with others, the same sureties, except the deceased surety, as had the first bond. This bond was approved by the commissioners court and forwarded to the Comptroller for his approval, but he reje ˙ d it and returned it to Finch, who took no further steps to make a new bond, but continued to act as tax collector.

By an amended petition the last bond was set up as well as the first, and the sureties were then made parties, but those on the last bond, other than such as were on the first, were never cited. Finch was shown to be insolvent, a non resident of the state and his whereabouts unknown, and before the trial the action was discontinued as to him and the sureties on the last bond not served.

It was alleged that there was no administration on the estate of the deceased surety, and that the widow and only child had received an estate from him, but the evidence tended to show that although he left an estate, it was probable that it would not meet the indebtedness against it.

It was further shown that Finch had paid over all taxes collected by him to the close of the year 1885.

The case was tried without a jury, and a judgment rendered in favor of the state for the sum shown to have been collected and not turned over by Finch, but the judgment was rendered against the heirs of the deceased surety, to be paid out of such assets, subject to forced sale, as came into their hands.

The judgment was based solely on the first bond executed. It is urged that there was an improper joinder of parties and causes of action.

That may be conceded, but it was not hurtful to the sureties on the first bond and the heirs of the deceased surety, for the judgment was rendered on the bond first executed.

It is further claimed that the sureties on the first bond were released by the execution of the second bond and its approval by the commissioners court.

In a case in which the sureties on a tax collector's bond sought to be relieved from further liability ˛and another bond,

upon their application, was required to be made, which was approved by the commissioners court but rejected by the Comptroller, it was held that the sureties on the first bond were not released from liability for the future acts of the tax collector. (The State v. Mills, 61 Texas, 562.)

The statutes applicable to the question are cited in that case and the reasons given for the holding, and it is not now necessary to repeat them.

It is urged, however, that the same rule will not be applicable in this case, because here the commissioners court required a new bond on its own motion and not upon the request of a surety.

There is nothing in the statutes requiring a different rule in the two cases, and the reasons for holding the sureties on the first bond liable for the acts of a collector until a new bond is executed and approved by the commissioners court and by the Comptroller would seem to be stronger in a case in which the new bond is required by the court on its own motion, than in a case in which the sureties have asked to be relieved.

No order was entered suspending or removing from office the tax collector on his failure to execute a new bond satisfactory to the Comptroller as well as the commissioners court, and the fact that this might have been done under the statute, which is directory, did not relieve the sureties on the first bond. (Murfree on Official Bonds, 59.)

There was no exception to so much of the petition as sought to hold the heirs of the deceased surety liable to the extent they had received assets from his estate, other than the general demurrer, and the judgment rendered does not affect them otherwise than as to the assets subject to execution in their hands, or the proceeds of such assets.

No injury to them results from the judgment and it can not affect the rights of persons parties to the action.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Opinion delivered June 5, 1888.